Good morning, Your Honors. I'm Eric Schindler for Appellants Strategics and ePassage. I'd like to save five minutes. Okay. It counts down. This is an advertising injury insurance coverage case. The facts are pretty simple. The cases in California and outside of California are all over the place. What matters, the district court never articulated that the allegations and the underlying complaint against Strategics pleaded an advertising injury. The district court skipped that and went straight to the breach of contract exclusion. Under California law, from Gray v. Zurich all the way through Vandenberg, we don't look at the legal theories pleaded. We look at the facts, and the facts are simple. The facts are that Strategics, and I'll refer to Strategics and ePassage collectively as Strategics, they sold their IT business to InfoCrossing, including their IP, their slogans, their trademarks, their logo. And then afterwards, there was a dispute. Strategics moved to rescind, asked for deck relief, and InfoCrossing cross-complained and alleged a number of theories, including a breach of contract, unfair competition. So what are the facts? The facts are you sold us, for what matters for us, your logo and your slogan. And then you used it in e-mails. That sure sounds like a breach of contract, doesn't it? Well, what the breach of contract exclusion says is we don't cover advertising injury that results from the failure to do what is required by a contract or agreement. Strategics did what was required. They sold their slogan and their logo to InfoCrossing. And did they sell it for exclusive use? Well, they sold all of their right title and interest. And does that mean that they sold exclusive use to the buyer? I think that's implied. Therefore, if they then use it themselves after having sold exclusive use, that sounds like they're a breach of contract. Not necessarily. The only reason that it was unauthorized use is because they sold their right title and interest. The issue with cases like this, advertising injury cases around the country, always comes up when there's an underlying contract that deals with the sale or licensing of rights and assets. And the cases have dealt with it differently. Here the issue for this Court is to figure out what that term resulting from the failure to do what it comes to. Look, before you get to that, I think you have to deal with the fundamental question of is there a claim here that there was a breach by the one party and then a resumption of use? Or are you just flat out telling us that he sold his right title and interest, but that somehow did not include some level of exclusivity and he could keep using it himself as well? I think the asset purchase agreement sold exclusively right title and interest to the slogan and the logo, to Info Crossing. Well, the defense is that he breached the contract by proceeding to use the very thing he sold, that is, the intellectual property rights. That is one of the legal theories in the underlying case. And what Vandenberg tells us is we don't leave coverage up to the pleader, whether they allege breach of contract, copyright infringement, unfair competition. In fact, Info Crossing's legal theories were breach of contract and unfair competition. The question is, first, to bring the claim within the insuring agreement is whether they allege an advertising injury, which is a claim for damages that would be covered under any theory that results from the unauthorized use of a slogan or a logo. Logo is defined as advertising material that's covered by copyright law. So we get that. We make a showing that there's advertising injury within the insuring agreement. And one of those core claims is for unauthorized use of the logo. And that claim for damages arises independently under Federal copyright law. They didn't plead a claim for copyright infringement, but if they did, we wouldn't look at that for purposes of coverage. All we look at is the facts. So we've got advertising injury. We do have a rather large leap to calling it advertising injury. Well, not at all, because the fact. Why not? I'm sorry, Your Honor. Why not? Because the factual allegation is that strategics used the slogan and the logos in a mass e-mail to unfairly compete with Info Crossing and used the slogans and the logo on their website, which is used for advertising, to unfairly compete with strategics. I'm sorry, with Info Crossing. Info Crossing's claim is that after strategics sold its slogan and logo, it then used them to unfairly compete with Info Crossing after Info Crossing purchased those rights. Now, in cases like this around the country, including in California, and I think the district court in the Northern District of California in the Capurro case gets the analysis right under Vandenberg, you ask whether any of this advertising injury arises separately and independently under other statutory or common law duties. And here, the advertising injury and the resulting damages result from the unauthorized use of the slogan and the logo, and under the, to the extent it matters, the legal theory of unfair competition is simply palming off. And the unpledged theory of copyright infringement would give rise to damages. So that advertising injury arises separately and independently from any breach of contract. It means that Info Crossing didn't have to plead breach of contract to recover for that advertising injury arising from those offenses. It could have simply said and sued saying, here, we bought exclusive rights to your logo and your slogan. We own them. You can't use them to compete with us and sue for the legal theories of copyright infringement. But the California law on point tells us even though the causes of action may be tort, breach of fiduciary duty, various other things, they nonetheless come under a breach of contract exclusion in a policy. I'm reading, for example, from the Mettle case. They say, listen, if the underlying problem is a breach of contract, the fact that some of the causes of action that come out of that may not be cause of action specifically based on contract doesn't matter for purposes of the exclusion. How do you deal with the Mettle case? Well, the Mettle case is different. Their directors and defendants were liable on a bond to make payments on the bond. They didn't make the payments on the bond. The breach of contract claim, the nature of the risk and the claim against the defendants in the Mettle case is where are all our bond payments? You breached your bond obligations, and so the Mettle court correctly concluded that the nature of the claim and the risk was breach of contract. Those are the facts of the Mettle case, but the underlying rationale of the Mettle case, and it's quoting an already established California law, is to the point that if the underlying problem is caused by a breach of contract, it doesn't matter what the labels are for the various cause of actions that end up in a lawsuit. I think I'm describing accurately what the Mettle says, and that's our basic law. I think you're accurately describing how the Mettle court articulated that. Well, it's just quoting an earlier case. It's quoting Accepted Insurance v. Sufi Industries. I mean, it's just direct quotation. The analysis, though, here is that for our case, the advertising injury arises separately and independently of any breach of contract. It arises under Federal statutory law, copyright, California common law of unfair competition or passing off. And under those circumstances, the Court asks whether but for a breach of contract, the advertising injury would not have arisen. And here, the offenses of unauthorized use of the slogan and the logo don't necessarily implicate a breach of contract. And the damages, for example, the damages that would be available under a Federal common infringement, copyright infringement claim are different than damages that would be available under a breach of contract. So you look, and in a situation where you have same facts that could give rise to different legal claims, but the facts giving rise to a covered advertising injury offense are separate and independent. Well, you call them separate and independent, but the district court said, here are all the claims alleged in the underlying action clearly resulted from or flowed from strategic's purported breach of the contracts. Thus, the alleged advertising injury amounted to nothing more than a blatant breach of the contractual terms to which strategic agreed when it entered into the asset purchase agreement. St. Paul correctly concluded that the exclusion applied. I find no fault with that. You're trying to call it something that it probably wasn't. All of this came out of the breach of contract. The district court said that it adopted that analysis. But it did. I mean, the district court seems right. It all came out of the breach of contract. It didn't necessarily come from a breach of contract. What does necessarily mean? I mean, that's a kind of a word that I don't pay much attention to. Well, it's in the cases, the analysis is separate and independent. When the advertising injury offense arises separately. It didn't. It came out of the breach of contract. Well. It didn't arise independently. That's the issue for the Court. And under the Vandenberg case, and I think the district court cases that construe resulting from arising out of to require minimal causation, the cause of the advertising injury offense, of the advertising injury, is the unauthorized use that arises separately under Federal statutory law in common law. Well, okay. I mean, I'm just not following that it arises separately and somehow it has an independent existence. I think the district court was correct. It came directly out of the blatant breach of contract. So the exclusion would appear to apply. Under the analysis that we see in Capurro, the California cases, Smith v. Candle, the Church case, Vandenberg, it wouldn't because the district court applied an incorrect analysis and an overbroad application of an exclusion under California law, Your Honor. If there aren't any questions, I'd like to keep a couple of minutes. Why don't we hear from the other side and then you will have that time. Thank you, Your Honor. Good morning, Your Honor. May it please the Court. Stephen Kovarik for Pele, St. Paul Fire and Marine Insurance Company. That's what the other side says. The advertising injury had an independent virgin birth. I think Your Honor has it very correct. The gravamen of the complaint here is that Info Crossing purchased Strategic's assets and then Strategic's reneged on that agreement and kept using what it had sold. For example, if I sold my car to somebody, I gave them title just as Strategic contends they did with the trademarks, but I keep a set of the keys and I keep driving the car, that person is not getting what they bargained for, just as Info  So the claim is that Strategic's was not able to transfer exclusive use of the marks, Your Honors. Duty to defend is based upon the allegations in the complaint here. Every cause of action that was alleged, every cause of action that could possibly have been alleged, including trademark infringement or copyright infringement, is based upon a breach of the agreement. Strategic's didn't do what it said it would under the contract, transfer exclusive use of the marks. Strategic's was trying to raise some kind of a but-for standard for the court to use. That was raised for the first time in their reply brief and shouldn't even be considered. Even if it is used, it applies in this case. Here you have a situation where Info Crossing had no rights in the marks. But for the contract, it was not a trademark holder. But for the contract, it couldn't sue for trademark infringement. So even under the but-for standard that Strategic's is arguing for, it would still apply here, the exclusion, Your Honor. I think they summed it up best in their brief at page 29 before they were even arguing for but-for, where they state, but for Strategic's, having done what was required under the asset purchase agreement, Info Crossing would have no title or standing to bring a claim for but-for. So I think under the but-for test, the standard, even the exclusion, would still be applied. Also, no California court has ever construed a rising add-up to mean but-for. It's a causation theory. California courts interpret a rising add-up to mean related to, incident to, having some relationship with, and clearly there's some relationship with the breach of contract here. The pursuant to the agreement, the dispute was arbitrated. The arbitration agreement even provides for there to be arbitration. The claim and the dispute has to result from the contract. It has to arise out of the contract. So you couldn't even have the arbitration without there being a breach of the agreement. The attorney's fees that were awarded, and that the Strategic's is driving this case, were awarded pursuant to the terms of the contract. It was a fee agreement in the contract. A lot of the cases that Strategic's rely on, it involves situations where there was a franchise agreement or a licensing agreement that expired. For example, this court's decision in Killer Music, Sixth Circuit, an insurance company. Obviously the exclusion's not going to apply unless the court has any questions. I think I will waive the rest of my time. Okay. Thank you. Thank you. Thank you, Your Honors. Just briefly, in the underlying case, there were other facts alleged that implicated a breach of contract. For example, the assignment  of a dole consulting agreement and the damages there that went forward. So not all of the factual allegations in Info Crossing's cross-complaint, well, only some of them implicated a breach of contract. But the issue for this Court, under California law, whether you call it but-for or minimal causation, you have to determine whether all of the advertising injury and all of the available damages that were based on the factual allegations resulted from, meaning were at least caused by, the breach of contract. Here, breach of contract wasn't a necessary claim for the advertising injury offenses. They arose separately under Federal statutory law and California common law. So the Court, even though the exclusion begins with resulting from, exclusions are still interpreted narrowly and strategic. Under Medill, you have to persuade us that these injuries are independent of the contract claims. It's not just resulting from but independent of. It seems to me that Medill sets the standard. I don't think that's true yet. The nuance here, and I think the J.P. Structure's case out of the Sixth Circuit explains that, is the existence, the mere existence of a contract involved in who has what rights isn't sufficient to trigger the exclusion. What's required is that the Court make a finding that all of the advertising injury alleged in the underlying complaint resulted from a failure of strategics to do what was required by the contract. So the mere presence of a contract, and the Capurro case in the Northern District of California talked about that, if every time there was a contract involved, the exclusion would always eat up the coverage. Okay. Thank you. Thank you very much. Thank both sides for their arguments. Strategic and ePassage, Inc. versus St. Paul Fire and Marine, submit for decision. And that completes our argument calendar for the week.
judges: Trott, Lucero, Fletcher